UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LONNIE WALKER,

    Plaintiff,

v.                                      Case No. 8:05-cv-663-T-23EAJ

D.B. WATSON, *et al.*,

    Defendants.
                                        /

**O R D E R**

    Walker alleges in his amended civil rights complaint (Doc. 24), filed pursuant to 42 U.S.C. § 1983, that the defendants violated his rights in several ways, principally when they searched his cell, confiscated his property, and subjected him to disciplinary action. The defendants seek dismissal of the amended complaint pursuant to Rule 12(b), Fed.R.Civ.P. (Doc. 25), and Walker opposes dismissal (Doc. 27). Additionally, the defendants seek a protective order from discovery (Doc. 26) and Walker asks that discovery be compelled (Doc. 28). The latter two motions need not be addressed because the defendants' motion to dismiss is meritorious.

    In resolving a challenge that asserts the complaint's failure to state a claim, the court should construe the material allegations favorably to the non-moving party. *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999). An especially lenient standard applies to allegations in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995).

## A. The Loss of Gain Time

Walker was subjected to disciplinary action for his failure to follow an oral order, which was based on an incident that occurred when Walker and several other inmates were carrying their personal property to the property room. The disciplinary action resulted in the loss of sixty days of gain time. The personal property was searched the following day, which resulted in the imposition of additional charges for possession of contraband. Based on this second violation of prison rules, Walker suffered the loss of an additional thirty days of gain time.

Walker challenges the validity of the disciplinary proceedings that resulted in his loss of gain time. A Section 1983 claim challenging the loss of gain time cannot proceed unless the plaintiff shows that the gain time credits have been restored. *Heck v. Humphrey*, 512 U.S. 477(1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). When a state prisoner challenges the fact or duration of his confinement, his exclusive federal remedy is a writ of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). An action under Section 1983 is not appropriate.

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-87 (emphasis original). Consequently, Walker's Section 1983 challenge to the disciplinary proceedings is premature.

### B. Confiscation of Legal Materials

Walker alleges that the defendants denied him access to the courts when they confiscated some of his legal materials (photographs of his murder victim) during the search of the personal property. To state a claim of denial of access to the courts, Walker must show that he has incurred an "actual injury". This requirement of an actual injury "derives ultimately from the doctrine of standing. . . ." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). As the Court stated:

> an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense. That would be the precise analogue of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by *Bounds [v. Smith]* is concerned, "meaningful access to the courts is the touchstone," *Bounds*, 430 U.S. at 823, 97 S.Ct. at 1495, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

*Lewis*, 518 U.S. at 351. *Accord Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (A plaintiff raising an access to the courts claim "must show actual injury before seeking relief."). To prevail on an access to the courts claim, Walker must show that the defendants' conduct precluded his pursing a non-frivolous direct or collateral attack on a sentence or a challenge to conditions of confinement. *Wilson*, 163 F.3d at 1290. Walker has not made the required showing.

### C. Confiscation of Personal Property

Walker claims that other personal property was confiscated during the property search, specifically, laundry bags and a lock and key that had been purchased years

earlier while confined at another institution. Walker's claim that the defendants denied him his personal property without the due process of law is not actionable in a Section 1983 action. Although Walker cannot be deprived of property without due process of law, "post-deprivation remedies made available by the State can satisfy the Due Process Clause." *Parratt v. Taylor*, 451 U.S. 527, 538 (1981). "*Parratt* teaches that where an alleged deprivation results from `the unauthorized failure of agents of the State to follow established state procedure,' and where no predeprivation hearing is practicable, we should examine whether the state provides an adequate post-deprivation remedy." *Joshua v. Newell*, 871 F.2d 884, 887 (9th Cir. 1989), quoting *Parratt*, 451 U.S. at 543. Walker has available remedies in the state administrative code.

### D.  Retaliation and Discrimination

Walker alleges that the above actions, as well as the refusal to return him to his assignment as an inmate law clerk upon his release from confinement and the subsequent transfer to another institution, were taken against him because he is a Black Muslim.[*] This claim fails because Walker has not shown that he exhausted the prison grievance process prior to commencing this action. "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

---

[*] Walker fails to adequately support his claim with allegations of facts. Several inmates were involved in the first incident and Walker has not shown that he was targeted for a search of his personal property based solely on his race and religion. Walker has not shown that the defendants refused to re-assign Walker to his position of inmate law clerk solely because of his race and religion. Unsupported conclusory allegations are insufficient to state a claim.

42 U.S.C. § 1997e(a).  This mandatory exhaustion requirement applies even when administrative remedies do not allow the relief the prisoner seeks.  *Booth v. Churner*, 532 U.S. 731, 736 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").  The Eleventh Circuit agrees:  "This means that 'until such administrative remedies as are available are exhausted,' a prisoner is precluded from filing suit in federal court."  *Leal v. Georgia Dept. Of Corr.*, 254 F.2d 1276, 1279 (11th Cir. 2001) (citation omitted).

Finally, as part of his retaliatory transfer claim, Walker alleges that he was beaten and falsely charged with having committed four disciplinary infractions.  Walker has not shown that he exhausted these allegations through the grievance process.  And regarding the claim of having been beaten, Walker fails to allege that any of the defendants named in the amended complaint were involved in the incident.  Although Walker identifies the alleged assailants, they are not named as defendant in this action.

Accordingly, the defendants' motion to dismiss (Doc. 25) is **GRANTED**.  The motion for a protective order (Doc. 26) and to compel discovery (Doc. 28) are **DENIED** as moot.  The clerk shall enter a judgment for the defendants and close this action.

ORDERED in Tampa, Florida, on January 24, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro